IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | | |
|---|---|---|
| ALFONSO GALVAN, DIANA GALVAN, DAVID GUILLEN, PERFECTO AGUIRRE, SAMUEL MORFIN; and RAFAEL SANCHEZ | : | PLAINTIFFS |
| | : | CIVIL ACTION NO. 1:10cv159HSO-JMR |
| VERSUS | : | |
| MISSISSIPPI POWER COMPANY; SOUTHERN COMPANY SERVICES, INC.; PIC GROUP, INC. a/k/a THE PIC COMPANIES; and HARSCO CORPORATION | : | DEFENDANTS |

### COMPLAINT

The Plaintiffs, Alfonso Galvan, Diana Galvan, David Guillen, Perfecto Aguirre, Samuel Morfin, and Rafael Sanchez, allege:

1. The Plaintiffs assert a right to relief in respect of, or arising out of, the same transaction, occurrence or series of transactions or occurrences.

### JURISDICTION AND VENUE

2. The Plaintiffs, Alfonso Galvan, Diana Galvan, Perfecto Aguirre, Rafael Sanchez, and Samuel Morfin, are adult residents of Texas, and were working in Mississippi at the time their claims accrued.

3. Plaintiff David Guillen is an adult resident of the Florida and was working in Mississippi at the time the claim accrued.

4. The Plaintiffs' claims against the Defendants involve a scaffolding structure (the "scaffolding" or "scaffolding structure") that collapsed at the Mississippi Power Plant in Escatawpa,

1

Jackson County, Mississippi. The Plaintiffs seek monetary damages for their injuries in an amount exceeding $75,000.00, exclusive of interest and costs.

5. The Court has jurisdiction over the resident and non-resident Defendants because each has done, or is doing, business in Mississippi, has committed a tort in whole or in part in Mississippi, and/or has continuing contacts with Mississippi.

6. The Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1), because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Venue is proper in this Court because the claims accrued in Jackson County, Mississippi and/or at least one of the Defendants was a resident of Mississippi at the time the causes of action asserted herein accrued.

## Parties

**A.     Plaintiffs.**

8. Plaintiff Alfonso Galvan is a resident of Texas and resides at 1500 Grouse Avenue, Donna, Texas, and was working in Jackson County, Mississippi at the time of the injury.

9. Plaintiff Alfonso Galvan was working on the scaffolding when it collapsed on November 4, 2008, and brings this claim to recover for the injuries and damages he sustained as a result of the incident.

10. Plaintiff Diana Galvan is a resident of Texas and resides at 1500 Grouse Avenue, Donna, Texas, and was working in Jackson County, Mississippi at the time of the injury.

11. Plaintiff Diana Galvan was working around the scaffolding when it collapsed on November 4, 2008, and brings this claim to recover for the injuries and damages she sustained as a result of the incident.

12. Plaintiff David Guillen is a resident of Texas and resides at 505 South Pine Island Road, #207, Plantation, Florida, and was working in Jackson County, Mississippi at the time of the injury.

13. Plaintiff David Guillen was working on the scaffolding when it collapsed on November 4, 2008, and brings this claim to recover for the injuries and damages he sustained as a result of the incident.

14. Plaintiff Perfecto Aguirre is a resident of Texas and resides at 206 South 11th, Donna, Texas, and was working in Jackson County, Mississippi at the time of the injury.

15. Plaintiff Perfecto Aguirre was working on the scaffolding when it collapsed on November 4, 2008, and brings this claim to recover for the injuries and damages he sustained as a result of the incident.

16. Plaintiff Samuel Morfin is a resident of Texas and resides at 227 Smith FM 565, Baytown, Texas, and was working in Jackson County, Mississippi at the time of the injury.

17. Plaintiff Samuel Morfin was working on the scaffolding when it collapsed on November 4, 2008, and brings this claim to recover for the injuries and damages he sustained as a result of the incident.

18. Plaintiff Rafael Sanchez is a resident of Texas and resides at 227 Smith FM 565, Baytown, Texas, and was working in Jackson County, Mississippi at the time of the injury.

19. Plaintiff Rafael Sanchez was working on the scaffolding when it collapsed on November 4, 2008, and brings this claim to recover for the injuries and damages he sustained as a result of the incident.

**B.     Defendants.**

20. Defendant Mississippi Power Company ("MPC") is a corporation organized under Mississippi law with its principal place of business located at 2992 West Beach Boulevard, Gulfport, Mississippi 39501-1907. MPC may be served with process by service on its registered agent, Vicki Pierce, at 2992 West Beach Boulevard, Gulfport, Mississippi 39502.

21. Defendant Southern Company Services, Inc. ("SCS") is a corporation organized under Alabama law, doing business in Mississippi. SCS' principal place of business is located at 30 Ivan Allen, Jr. Boulevard, NW, Atlanta, Georgia 30308. SCS may be served with process by service on its registered agent, Corporation Service Company, at 506 South President Street, Jackson, Mississippi 39201.

22. Defendant Pic Group, Inc. ("Pic") a/k/a The Pic Companies is a corporation organized under George law, doing business in Mississippi. Pic's principal place of business is located at 1165 Northchase Parkway, Suite 400, Marietta, Georgia 30067. Pic may be served with process by service on its registered agent, National Registered Agents, Inc., at 840 Trustmark Building, 248 East Capitol Street, Jackson, Mississippi 39201.

23. Patent Construction System is a division of Defendant Harsco Corporation ("Harsco"), a corporation organized under Delaware law doing business in Mississippi. Harsco's principal place of business is located at 350 Poplar Church Road, Camp Hill, Pennsylvania 17011.

Harsco may be served with process by service on its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## FACTUAL BACKGROUND

24. On or about November 4, 2008, a scaffolding structure inside Boiler Number 2 at the Mississippi Power Plant Daniel at 13201 Highway 63 in Escatawpa, Mississippi collapsed, causing one death and personal injuries to workers, including the Plaintiffs, who were on or around the scaffolding when it collapsed.

25. The Plaintiffs were contract employees on certain Defendants' property, having gone there in the course and scope of their employment with Land Coast Insulation, Inc.

26. The engineering design, drawings and printed instructions for the construction of the scaffolding were prepared by Patent Construction Systems, a division of Harsco.

27. At all material times, the Plaintiffs were employees of Land Coast Insulation, Inc. On or about November 4, 2008, while in the course and scope of their employment with Land Coast Insulation, Inc., the Plaintiffs sustained personal injuries while working on or around the scaffolding structure under the direction of the Defendants other than Harsco.

28. On the occasion in question, the Defendants, jointly and severally, were negligent in failing to supply or provide the proper equipment or training for the job required of the Plaintiffs, failing to provide adequate assistance or supervision to the Plaintiffs in performing the tasks they were assigned to perform, and in failing to provide them with a safe place to work.

29. Due to the design, manufacturing, assembly, and/or marketing of the scaffolding, the scaffolding was defective and unreasonably dangerous to the Plaintiffs, resulting the death of one person and the resulting injuries and damages to Plaintiffs.

30. The Defendants should have reasonably foreseen the condition of the scaffolding that unreasonably subjected the Plaintiffs to harm.

31. The Defendants knew, or in the exercise of reasonable care should have known, of an unreasonably dangerous condition on the premises and did not correct the condition or warn the Plaintiffs of it.

32. The Plaintiffs did not have knowledge of the dangerous condition and could of the scaffolding have reasonably been expected to discover it.

33. The Defendants' failure to correct the condition or to warn Plaintiffs was negligence, and was a proximate cause of the occurrence and the Plaintiffs' resulting injuries.

34. The Defendants had the right of control over the details of the work being performed at the work place in question. The Defendants had the right of control and right of supervision of the detail of the procedures, instructions and manner of work being performed. The Defendants were negligent for failing to use ordinary care in the exercise of their right of control and supervision, which was a proximate cause of the occurrence and of the Plaintiffs' resulting injuries.

35. The Defendants were negligent in the following non-exclusive ways:

a. supplying dangerous and defective scaffolding and failing to furnish a workplace free from hazards likely to cause death or serious physical harm;

b. failing to safely supervise the activities taking place on the date of the incident;

c. failing to warn of an unreasonably dangerous condition and/or activity on the premises;

d. failing to take proper precaution in avoiding the incident;

e. failing to exercise Defendants' control over third parties which could have prevented this accident;

    f.    failing to properly train the supervisors involved in the incident;

    g.    failing to ensure the supervisors were qualified;

    h.    failing to follow industry standards on the manufacture, design, and/or installation of the scaffolding structure;

    i.    failing to following industry standards on the responsibility of site supervisors;

    j.    failing to perform adequate and necessary inspections and repair of the scaffolding structure;

    k.    designing, manufacturing, and marketing a defective product that was unreasonably dangerous;

    l.    furnishing and/or permitting construction of a scaffolding structure in a dangerous condition;

    m.    providing faulty and/or inadequate training to crew members and/or supervisors;

    n.    failing to follow established operational and safety procedures; and

    o.    other acts of negligence and gross negligence as determined through the discovery process.

36.    Certain Defendants performing inspections on the scaffolding structure failed to properly inspect it before it collapsed.

37.    The negligence of the Defendants was a proximate cause of the Plaintiffs' injuries and damages.

38.    Certain Defendants designed, tested, developed, manufactured, fabricated, distributed, sold, inspected, marketed, warranted, supplied, modified and/or provided the materials for the construction of the scaffolding project at the Mississippi Power Plant.

39.    At all material times, the scaffolding structure was unreasonably dangerous and defective in its design and/or manufacture.

40. The scaffolding structure was defective in design, testing, development, manufacture, fabrication, warnings, instructions, inspection, marketing, and/or modification.

41. On November 4, 2008, the scaffolding structure collapsed, causing severe injuries to the Plaintiffs. At all material times, the scaffolding structure was defective in design, testing, development, manufacture, inspection, and/or modification, and the warnings and instructions, if any, were defective and inadequate, as the scaffolding was capable of causing, and did cause, personal and fatal injuries to ordinary users who used the scaffolding in a reasonably foreseeable manner.

42. The defects in the components of the scaffolding structure were a proximate cause of the Plaintiffs' injuries and damages.

43. The Plaintiffs were injured, and have sustained, or will sustain, injuries and damages including past and future physical and mental pain and suffering and loss of enjoyment of life; disfigurement; physical impairment; past and future wage losses and loss of earning capacity; and past and future medical expenses.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demand judgment against the Defendants, jointly and severally, for their damages, with prejudgment interest, interest on the judgment, and costs of court.

This the 12th day of April, 2010.

Respectfully submitted,

RICHARD J. PLEZIA
Miss. Bar No. 101325
WYNN E. CLARK
Miss. Bar No. 6279

RICHARD J. PLEZIA & ASSOCIATES
11200 Westheimer, Suite 620
Houston, Texas 77042
Telephone: 713-800-1151
Facsimile: 281-602-7735

LAW OFFICES OF WYNN E. CLARK
2510 16th Street
Gulfport, Mississippi 39501
Telephone: 228-575-9996
Facsimile: 228-575-9030

ATTORNEYS FOR PLAINTIFFS
ALFONSO GALVAN, DIANA
GALVAN, DAVID GUILLEN,
PERFECTO AGUIRRE, SAMUEL
MORFIN; and RAFAEL SANCHEZ

9