IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALFONSO GALVAN, DIANA GALVAN,
DAVID GUILLEN, PEFECTO AGUIRRE,
SAMUEL MORFIN, and RAFAEL SANCHEZ                                    PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:10cv159KS-MTP

MISSISSIPPI POWER COMPANY;
SOUTHERN COMPANY SERVICES, INC.;
PIC GROUP, INC. a/k/a THE PIC COMPANIES; and
HARSCO CORPORATION                                                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Strike Plaintiffs' Amended Complaint **[#46]** and on a Motion to Dismiss **[#20]** filed on behalf of defendant Mississippi Power Company ("MPC").  The court having reviewed the motions, the responses, the briefs of counsel, the authorities cited, the pleadings and exhibits on file, and being otherwise fully advised in the premises, finds that the motions are not well taken and should be denied.  The court further finds specifically as follows:

This lawsuit arises out of an incident on November 4, 2008 in which Plaintiffs allege they received serious injuries when the scaffold structure on which they were working collapsed.  Plaintiffs are seeking to recover damages for their injuries from Mississippi Power Company ("MPC"), PIC Group ("PIC")[1], and Harsco Corporation. MPC was the premises owner, and, according to Plaintiffs, contrary to certain

---

[1] PIC was dismissed as a result of Consent Motion on September 27, 2010.

contractual provisions among the parties, maintained and exercised control over the scaffolding project.  PIC group was the general contractor on the project that contracted with Landcoast Insulation, Inc. ("LCI") to install the scaffold structure.  A division of Harsco Corporation, known as Patent Construction Systems, designed the scaffold and supplied the parts for its construction.  The Plaintiffs were all employees of LCI at the time of the scaffold collapse.

Plaintiffs' Complaint was filed commencing this matter on April 16, 2010.  Following service of process, MPC responded to Plaintiffs' Complaint by filing its Motion to Dismiss arguing that Plaintiffs' Complaint alleges no facts whatsoever that would entitle Plaintiffs to relief against MPC.  In response, MPC alleges that Plaintiffs filed their Amended Complaint solely in an effort to attempt to plead facts or to make allegations sufficient to survive MPC's Motion to Dismiss.  However, MPC argues that Plaintiffs cannot plead around MPC's Motion to Dismiss, and thus, Plaintiffs' Amended Complaint is futile and should be stricken from the record.

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(b) a party may amend its pleading as a matter of course within twenty-one days after the service of a motion under Rule 12(b).  Thus it is clear that "the filing of a motion to dismiss will not prevent a party from subsequently amending without leave of court."  6 WRIGHT & MILLER, supra, § 1483, at 585; *see also Delta Environmental Products., Inc. v. McGrew*, 56 F. Supp. 2d 716, 717 n.1 (S.D. Miss. 1999) (citing *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983)).  However, in situations where plaintiffs cannot remedy the flaws in their complaint, courts have recognized the futility of granting plaintiffs leave to amend and

denied the request. *See, e.g., Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980)(*abrogated on other grounds, Todorov v. DCH Healthcare Auth*ority, 921 F.2d 1438 (11th Cir. 1991)).

The Defendant has also moved the court to dismiss this matter under Rule 12(b)(6) for failure of the Plaintiffs to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted). As the Supreme Court recently held, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, _ US. _, 129 S. Ct. 1937, 1950 (2009) (internal quotations omitted).

The Plaintiffs correctly assert that Mississippi law affords two separate avenues or theories of recovery for the injured plaintiffs. It is well settled that

> [u]nder Mississippi law, the duty owed by a premises owner or occupier to a business invitee. . . is that duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition. The owner/occupier is not an insurer of the invitee's safety, and he is not liable for injuries which are not dangerous or which are, or should be known to the business invitee. *Jackson Ready Mix Concrete v. Sexton*, 235 So.2d 267, 270 (Miss. 1970).

*Jones v. James Reeves Contractor, Inc.*, 701 So.2d 774, 782 (Miss. 1997). Further, "the owner or occupier is under no duty to protect them (contractors) against risk arising from or intimately connected with defects of the premises, or of machinery or appliances located thereon, which the contractor has undertaken to repair." *Id.*, (quoting *Jackson Ready Mix*, 235 So.2d at 271).

> The critical factor in determining if the occupier is absolved of liability is whether it maintains any right of control over the performance of that aspect of work which gave rise to the injury.

*Id.*, (quoting *Magee v. Transcontinental Gas Pipeline Corp.*, 551 So.2d 182, 186 (Miss. 1989)).

The Fifth Circuit has explained the principle of knowledge of a danger by the independent contractor and the owner's liability for injury of the contractor's employees and held that "dangerous conditions of which contractors had actual or constructive knowledge were deemed open and obvious to them and therefore could not provide a

basis for recovery." *Stokes v. Emerson Electric Co.*, 217 F. 3d 353, 357 (5th Cir. 2000), (citing *Hill v. International Paper Co.*, 121 F. 3d 168, 176 (5th Cir. 1997)). The Fifth Circuit went on to hold in *Stokes* that "the Mississippi Supreme Court brought the open and obvious bar back into Mississippi law through the back door in cases dealing with independent contractors." *Id.* This analysis was based on the language from *Jones* previously quoted by which the Fifth Circuit determined that the "knowledge of danger" exception survived *Tharpe v. Bungee Corp.*, 641 So.2d 20 (Miss. 1994). Citing *City of Jackson v. Ball,* 562 So.2d 1267 (Miss. 1990), the *Jones* Court held "no warning need be given to employees of a contractor so long as the contractor knows of the danger." 701 So.2d 783.

In order for the plaintiffs to succeed on their claims against MPC, they must demonstrate either that MPC contractually maintained a right of control over the performance of that aspect of the work that gave rise to their injuries, or else it must have exercised such control so as to have established a *de facto* control over that aspect of the work.

There is no allegation that MPC contractually maintained control over the scaffolding erection and the contract language is to the contrary. However, irrespective of the contractual terms to the contrary, Plaintiffs have pled substantial facts which allege that MPC indeed retained a right of control over the construction of the scaffold.

Plaintiffs' Amended Complaint has clearly alleged that MPC maintained and exercised control over the scaffold construction by (1) reviewing drawings and giving specific instructions for the work to begin, (2) inspecting the scaffolding but never warning of the hidden dangers, and (3) determining the number of shifts to be used to

erect the scaffold and the number of hours each shift would work.  Plaintiffs' Amended Complaint clearly states a claim upon which relief can be granted.

As to the other prong of premises owner liability, an owner is under a duty to provide an independent contractor with a safe work environment or give warning of danger.  *Mississippi Chemical Corp. v. Rogers*, 368 So.2d 220, 222 (Miss 1979).  The Amended Complaint clearly alleges that MPC violated this duty.

Plaintiffs assert that their claims rely upon common law standards and actual facts as opposed to contractual provisions while MPC is focused on what the contract says as opposed to what actually happened.  They contend that the contract provision is not determinative when the facts clearly demonstrate that the contracting party deviated from the terms of the contract.  Plaintiffs continue that while MPC would prefer for this court to consider nothing more than the contracts between the parties when deciding if the pleadings are viable, the facts bear consideration.  Plaintiffs correctly argue that the conduct of MPC before and during the scaffold construction is a primary consideration because they allege it is at odds with contractual language cited by Defendant MPC to establish that they had no control over the scaffold construction.  Plaintiffs clearly allege that MPC maintained a right of control through its actions and thus a fact issue with respect to the right of control exists.

Furthermore, Plaintiffs contend that a latent defect in the premises arises at the moment that MPC allowed construction of the scaffolding to begin using drawings that had not be finalized or approved by a professional engineer.  MCI failed to advise LCI not to use the drawings.  Thus, because plaintiffs have alleged a defect in the premises which arose at the moment MPC authorized the construction to begin and never advised

6

LCI not to use the drawings, knowing that the drawings had not been approved by a licensed engineer, the factual surroundings must be considered.  This allegation takes the plaintiffs' pleadings beyond 12(b)(6).

MPC does not allege that the amendments themselves are futile, but that the claim itself is barred.  This is similar to the situation faced by the Southern District of Mississippi in *Thompkins v. Allstate Insurance Company*, 2007 WL 3027407 (S.D. Miss). There the court held:

> While futility of amendment is a factor to be considered by the Court, Defendant in this case seems to argue not that the amendment itself is futile, but that the Complaint as a whole is futile because the Plaintiff's claims are allegedly barred. Because this argument is better suited for a dispositive motion, the Court will consider the futility arguments related to the amendments below, but will not consider arguments regarding the futility of the Complaint as a whole. If asserted in a dispositive motion, the Court would consider these arguments after they are fully briefed by the parties.

*Id.* at *2.

MPC has indeed alleged throughout its motion to dismisss that Plaintiff's claims are barred.  It continues to argue the same in its motion to strike the amended complaint.  In fact, MPC asserts that "MPC had no right whatsoever to control the scaffold erection being performed independently by plaintiffs and their employer LCI through LCI's subcontract with former defendant PIC."  While the plaintiffs' allegations may ultimately prove to be unfounded, the court may not delve into the merits of them at this early stage of the litigation on a Rule 12(b) motion and certainly may not strike the Amended Complaint based on futility.

IT IS THEREFORE ORDERED, ORDERED AND ADJUDGED that the Motion to Strike Plaintiffs' Amended Complaint **[#46]** and the Motion to Dismiss **[#20]** filed on

behalf of defendant Mississippi Power Company are each denied.

SO ORDERED AND ADJUDGED this the 24th day of November, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE