IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALFONSO GALVAN, DIANA GALVAN,
DAVID GUILLEN, PERFECTO AGUIRRE,
SAMUEL MORFIN, AND RAFAEL SANCHEZ                                PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 1:10CV159-KS-MTP

MISSISSIPPI POWER COMPANY AND
HARSCO CORPORATION                                               DEFENDANTS

CONSOLIDATED WITH

LORENA RICO VELAZQUEZ, SURVIVING
SPOUSE OF ULISES JIMENEZ RODRIGUEZ, DECEASED,
INDIVIDUALLY, AND ON BEHALF OF
THE HEIRS AT LAW AND WRONGFUL DEATH
BENEFICIARIES OF ULISES JIMENEZ RODRIGUEZ, DECEASED             PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 1:11CV407-KS-MTP

MISSISSIPPI POWER COMPANY;
SOUTHERN COMPANY SERVICES, INC.;
PIC GROUP, INC. A/K/A THE PIC
COMPANIES; HARSCO CORPORATION;
LAND COAST INSULATION, INC.;
KENNETH M. CHEVIS, AND
JOHN DOES 1 THROUGH 10                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Dismiss **[#172]** filed on behalf of the defendant, PIC Group, Inc.  The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted.  The court specifically finds as follows:

**BACKGROUND**

PIC Group, Inc. (PIC) entered into an agreement on or around August 22, 2008, with Mississippi Power Company to perform work regarding maintenance of boilers located at Mississippi Power Company's Plant Daniel located in Escatawpa, Mississippi. Approximately one month later on or around September 23, 2008, LandCoast Insulation, Inc. (LandCoast) entered into a subcontractor agreement with PIC in which LandCoast agreed to perform certain work at Mississippi Power Company's Plant Daniel under PIC's contract with Mississippi Power.

PIC included a provision in the subcontract that LandCoast, the subcontractor, was to provide workers' compensation insurance for its employees. On or around September 19, 2008, LandCoast entered into a contract with Patent Construction Systems, a Division of Harsco Corporation, regarding supplying LandCoast with materials for the construction of the interior boiler scaffolding, including engineering drawings for the design and construction of the scaffolding. On November 4, 2008, during the final stages of the erection of the scaffolding, the entire structure failed, injuring seven LandCoast employees, one fatally, Velazquez's decedent, Ulises Jimenez Rodriguez. It is undisputed that Plaintiff's decedent, Rodriquez, was an employee of LandCoast and was killed while in the course and scope of his employment.

An initial lawsuit was filed in this matter by workers who worked around the scaffolding equipment, including Alfonso Galvan, Diana Galvan, David Guillen, Perfecto Aguirre, Samuel Morfin, and Rafael Sanchez in this Court against Defendants Mississippi Power Company, Southern Company Service, Inc., PIC Group, Inc. a/k/a

the PIC Companies; and Harsco Corporation, as Cause No. 1:10cv159. The *Galvan* Complaint alleged that six workers were injured and one death was caused while the workers were working on or around the scaffolding when it collapsed. The Complaint alleged that the *Galvan* plaintiffs were employees of Landcoast on or about November 4, 2008, in the course and scope of their employment with Landcoast when the plaintiffs sustained personal injuries while working on or around the scaffolding structure.

In *Galvan*, PIC filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and asserted that as a statutory employer of Plaintiffs under the Mississippi Workers Compensation Act, PIC was immune from suit by operation of Workers' Compensation immunity for a statutory employer. On September 22, 2010, a Consent Motion to Dismiss PIC Group, Inc. was filed and an Order and Judgment dismissing PIC from *Galvan* were entered thereon.

The Complaint which is the subject of the current Motion to Dismiss was filed by Plaintiff Lorena Rico Velazquez, Surviving Spouse of Ulises Jimenez Rodriguez, Deceased, Individually, and on Behalf of the Heirs at Law and Wrongful Death Beneficiaries of Ulises Jimenez Rodriguez, Deceased. The action was filed against Mississippi Power Company, Southern Company Services, Inc., PIC Group, Inc. a/k/a The PIC Companies, Harsco Corporation, Landcoast Insulation, Inc., and Kenneth M. Chevis and John Does 1-10, as Cause No. 1:11cv407. This action has been consolidated with *Galvan*.

PIC has filed the present Motion to Dismiss or, in the Alternative, Motion for Summary Judgment based on the Workers' Compensation Immunity Statute found at MISS. CODE. ANN. § 71-3-9. PIC argues the Motion should be granted because PIC is

the statutory employer of Plaintiff's decedent under the Mississippi Workers' Compensation Act (MWCA) and is, therefore, immune from suit since it is undisputed that the Plaintiff's decedent was injured and killed while in the course and scope of his employment. Thus, according to PIC, the sole and exclusive remedy against the employer is the remedy provided by the Mississippi Workers' Compensation Act.

## **STANDARD OF REVIEW**

PIC has filed the present motion under Rule 12(b)(6), and alternatively, under Rule 56(f) of the Federal Rules of Civil Procedure, contending that Velazquez has failed to state a claim upon which relief may be granted. In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint and documents appended thereto. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).

If any matters outside the complaint are considered, the motion is converted to one for summary judgment. See *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980). Regarding such conversion, Rule 12(b) provides specifically;

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, "[t]he element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material. It is not relevant how the defense is actually denominated." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990). Further, as the Fifth Circuit has explained;

> The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment. In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56. *Arrington v. City of Fairfield*, 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co.*, 611 F.2d at 573.

On a 12(b)(6) motion, of course the Court must view all well-pleaded facts as true and in the light most favorable to the non-moving party. However, "once the proceeding becomes one for summary judgment, the moving party's burden changes and he is

obliged to demonstrate that there exist no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 506 (1990).

Therefore, it is clear that if the court is to consider the Subcontractor Agreement filed with its motion by PIC, the Motion to Dismiss must be converted into one for summary judgment under Rule 56. The standard of review for motions for summary judgment as oft quoted by the court is as follows:

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); and see *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*,

799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating

such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)). Velazquez has properly responded to the motion under both standards.

In paragraph 11 of the Complaint, Plaintiff alleges that this Court has jurisdiction over this matter pursuant to the diversity statute found at 28 U.S.C. § 1332 (a)(1). Therefore, the substantive issues presented by this case will be controlled by and decided under Mississippi law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Huss v. Gayden*, 465 F.3d 201, 205-06 (5th Cir.2006).

## **ANALYSIS**

As stated above, PIC's Motion alleges that Velazquez's Complaint fails to state a claim or a cause of action upon which relief can be granted due to the exclusiveness of the liability doctrine found at MISS. CODE. ANN. § 71-3-9.  Section 71-3-9 is the workers' compensation immunity statute.  This section establishes the exclusive remedy for workers who are injured on the job. The statute provides, in clear terms, that the liability of an employer to pay compensation is exclusive and in place of any other liability. The statute provides:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.

It is undisputed that PIC was the general contractor and LandCoast was the subcontractor.  In the agreement PIC entered with LandCoast, PIC required that subcontractor LandCoast secure workers' compensation coverage for any of its employees working at the subject site.

Paragraph 17 of the Subcontractor Agreement provides, in part:

> 17. **Insurance.** During the term of this Agreement:
>
> **(a) Workers Compensation.** Subcontractor shall provide and maintain in full force and effect workers compensation insurance in

> each jurisdiction in which the Work is to be provided with limits
> required of an employer by law, and employer's liability insurance
> with minimum limits of $1,000,000 except as specified in the Prime
> Contract.
>
> . . .
>
> **(d) Insurance Requirements.** All insurance required under this
> Section 17 shall include waivers of subrogation in favor of PIC,
> Customer [MPC, infra], … and shall be primary with respect to any
> other similar insurance maintained by PIC and Customer…
>
> **(d) Certificates of Insurance.** Before the commencement of the
> Work, Subcontractor shall furnish PIC with certificates of insurance
> evidencing the insurance required under this Section 17 in a form
> satisfactory to PIC, which shall include the requirements identified in this
> Section 17…

PIC has raised the exclusiveness of liability provisions found at § 71-3-9 and argues that it should be deemed to have secured worker's compensation insurance because it (PIC) included a provision in the subcontract that the subcontractor was to provide workers' compensation insurance for its employees.  In requiring the subcontractor to secure a policy of insurance on its employees, PIC contends that it complied with Mississippi law in securing compensation insurance for the benefit of Plaintiff's decedent within the meaning and purpose of the statute.

Mississippi courts have frequently held that a general contractor will receive workers' compensation immunity if an employee of a subcontractor is injured on the job and will enjoy immunity where a requirement is made for the subcontractor to obtain workers' compensation coverage.  *See Mosley & Bowers d/b/a M&M Construction Co. and Ariel Coleman v. Jones*, 80 So.2d 819 (Miss. 1955) (holding that a principal contractor who has secured workers' compensation coverage for the subcontractors' employees was a statutory employer and the subcontractor's employee's exclusive

remedy was the Workers' Compensation Act); and *Doubleday v. Boyd Construction Co.*, 418 So.2d 823 (Miss. 1982) ("It is our opinion the legislature did not intend to subject a general contractor to common law liability if he complied with MISS. CODE. ANN. § 71-3-7 by requiring the subcontractor to have workmen's compensation insurance."). *See also Crowe v. Brassfield, et al.*, 688 So.2d 752 (Miss. 1996) (on certification from the Fifth Circuit, the Mississippi Supreme Court affirmed that the MWCA extends immunity to a general contractor in a negligence action brought against the general contractor by the employee of a subcontractor).

It is undisputed that there was an agreement between general contractor, PIC, and subcontractor, LandCoast, that it (LandCoast) would provide workers' compensation insurance. It is also undisputed that workers' compensation insurance coverage was in effect on the day of the subject incident. LandCoast had workers' compensation insurance through Zurich American Insurance Company. Mississippi law is clear that the requirement that the employer must secure payment of compensation means that he must have in effect an insurance policy complying with the Act. At the time of the injury and death, a policy of workers' compensation insurance was in effect. Therefore, sufficient evidence exists to establish that the Mississippi Workers' Compensation Act was complied with and coverage was secured in conformity with the voluminous case law in Mississippi.

On August 17, 2009, Plaintiff filed a Petition to Controvert with the Mississippi Workers Compensation Commission in *Henry Pena a/k/a Ulises Jimenez Rodriguez v. Landcoast Insulation, Inc. and Zurich American Insurance Company*; MWCC No. 0812110, relying on the coverage provided by LandCoast. However, the Plaintiff

appears to be making the argument that because benefits have not yet been paid, PIC cannot enjoy workers' compensation immunity.  In her response, Plaintiff stated that LandCoast's workers' compensation carrier, Zurich American Insurance Company, has objected to the receipt by Plaintiff of a benefit for the death of Rodriguez on the ground that Rodriguez should not be considered as an employee of LandCoast because Rodriguez used false identification identifying himself as Henry Pena, a legally documented worker, and because Rodriguez was an illegal alien during the time of his employment with LandCoast.

Mississippi courts have analyzed a situation where workers' compensation coverage was in place at the time of the injury, but somehow benefits had not yet been paid.  In *Washington v. Tem's Junior, Inc.*, 981 So.2d 1047 (Miss. Ct. App. 2008), an employee had been injured in the course and scope of employment.  981 So.2d at 1048.  Washington's daughter commenced a wrongful death action against the employer.  *Id.*  The employer's workers' compensation insurance carrier was AmFed National.  The workers' compensation claim had been denied and the plaintiff argued that because the employer had failed to secure payment of compensation for plaintiff's decedent's death, she was entitled to maintain an action at law.  *Id.*  The trial court found that the exclusive remedy for the death was under the Mississippi Workers' Compensation Act.  *Id.* at 1049.

The plaintiff's argument on appeal was that the employer did not secure payment of workers' compensation benefits and this fact enabled her to maintain an action at law pursuant to MISS. CODE. ANN. § 71-3-9.  *Id.* at 1050.  Further, plaintiff argued that even though the employer had a workers' compensation insurance policy, the employer

failed to secure payment of compensation because: 1) plaintiff's decedent was not listed as an employee on the payroll or on the employee lists which were annually provided to the carrier;  2) the employer did not prove that it filed a First Report of Injury form; and 3) the employer had not made any payments mandated by the Act for plaintiff's decedent's medical bills or funeral expenses.  *Id.* at 1050.

The Mississippi Court of Appeals noted that the plaintiff's argument "implicates the question of what acts by the employer are necessary for it "to secure payment of compensation in compliance with the Act." *Id.* at 1050.  The Court stated that "[i]t is well settled that the requirement that the employer must secure payment of compensation means that he must have in effect an insurance policy complying with the Workman's Compensation Act, or must qualify as a self insurer." *Id.* at 1050 (citing *Taylor v. Crosby Forest Prods. Co.*, 198 So.2d 809 (Miss. 1967)).

The Court further explained that "the prerequisite for immunity that the employer secure payment of compensation does not mean that the employer must timely inform the commission of an employee's injury or insure that a particular employee is paid benefits to which he is entitled under Act." *Id.* at 1050-51.  The Court further recognized that "[r]ather, the requirement that the employer secure payment of compensation means that the employer must have in effect a workers' compensation insurance policy or be a qualified self insurer." *Id.* at 1051.  The Court continued that "[w]hen an employer secures payment of compensation through a workers' compensation insurance policy, the employer's statutory responsibility to pay workers' compensation benefits becomes the responsibility of the carrier." *Id.* at 1051.

The Court found there was no genuine issue or factual dispute concerning

whether the employer had effective workers' compensation insurance at the time of the injury and death and went on to analyze issues surrounding why payment had not been made to the employee's family.  The Court noted that when workers' compensation insurance is in place, the fact that benefits may not have been paid does not affect the immunity issues and stated "[i]f an employer has properly secured payment of compensation for its employees, that employer's failure to comply with the Act's mechanism for the payment of benefit does not disturb the immunity bestowed by Section 71-3-9." *Id.* at 1051.  The court further noted that "the Act itself provides remedies for these failings, if any." *Id.*

Thus, the Mississippi Court of Appeals held that because the employer had workers' compensation insurance in effect at the time of the injury, the Act provided the exclusive remedy for the death of the plaintiff's decedent and no action at law was available to the plaintiff.  The Court, therefore, affirmed the trial court's granting of summary judgment.

## **CONCLUSION**

The Court finds that PIC, as general contractor, secured worker's compensation insurance by including a provision in the subcontractor agreement that subcontractor, LandCoast, was to provide workers' compensation insurance for its employees. Further, the Court finds that since workers' compensation coverage was in fact provided, recovery under a workers' compensation scheme is Plaintiff's sole remedy.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#172]** filed on behalf of the defendant, PIC Group, Inc. is granted and the Plaintiff's

complaint is dismissed with prejudice as to PIC Group, Inc. A separate judgment will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 22nd day of May, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE