IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LORENA RICO VELAZQUEZ, SURVIVING SPOUSE
OF ULISES JIMENEZ RODRIGUEZ, DECEASED,
INDIVIDUALLY, AND ON BEHALF OF THE HEIRS AT LAW
AND WRONGFUL DEATH BENEFICIARIES OF ULISES
JIMENEZ RODRIGUEZ, DECEASED                                    PLAINTIFF**

**VS.                                            CIVIL ACTION NO. 1:11-cv-407-KS-MTP**

**MISSISSIPPI POWER COMPANY; SOUTHERN
COMPANY SERVICES, INC.; PIC GROUP, INC.
A/K/A THE PIC COMPANIES; HARSCO CORPORATION;
LANDCOAST INSULATION, INC.; KENNETH M. CHEVIS,
AND JOHN DOES 1 THROUGH 10                                    DEFENDANTS**

**CONSOLIDATED WITH**

**ALFONSO GALVAN, ET AL.                                         PLAINTIFFS**

**VS.                                            CIVIL ACTION NO. 1:10-cv-159-KS-MTP**

**MISSISSIPPI POWER COMPANY; ET AL.                              DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#166]** filed on behalf of the defendant, LandCoast Insulation, Inc. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

On September 18/19, 2008, LandCoast Insulation, Inc. ("LandCoast") and Patent

Construction Systems ("Patent") entered into an agreement entitled "Proposal for Equipment Rental Services" wherein Patent agreed to supply LandCoast with several hundred thousand dollars of materials necessary for the installation of interior boiler scaffolding for a project at Mississippi Power Plant Victor Daniel in Jackson County, Mississippi.  On November 4, 2008, during the final stages of the erection of the scaffolding, the entire structure failed, injuring seven LandCoast employees, one fatally, Velazquez's decedent, Ulises Jimenez Rodriguez.

Velazquez has brought suit on behalf of herself as Rodriguez's surviving spouse as well as on behalf of the heirs at law and wrongful death beneficiaries of Rodriguez. As the suit pertains to LandCoast, it claims that LandCoast was responsible for Rodriguez's death as a result of gross and simple negligence in the construction of the scaffolding.  More particularly, the suit claims that LandCoast breached its duty to provide a safe workplace by, among other things: failing to adequately screen its employees; failing to adequately train its employees; failing to insure that a certified "competent person" was present at all times; and, utilizing preliminary rather than final drawings to construct the scaffolding.

In response, LandCoast has filed the present motion under Rule 12(b)(6) contending that Velazquez has failed to state a claim upon which relief may be granted. In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept

-2-

all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted). Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

In the present action, LandCoast, as Rodgriguez's employer, asserts that Velazquez's Complaint fails to state a claim against it due to the exclusive remedy provisions of the Mississippi Workers Compensation Act ("MWCA." LandCoast correctly argues that Mississippi statutory law entitles an employee injured while in the course and scope of her employment to receive workers' compensation benefits, but prohibits that employee from maintaining an action in common law against the employer for all but intentional acts. Mississippi case law is clear that when an employee is injured while in the course and scope of his employment, the sole and exclusive remedy of the employee against the employer is that provided for by the Mississippi Workers' Compensation Act. *Sawyer v. Dependence of Head*, 510 So.2d 472, 478 (Miss. 1978);

*see also Brown v. Estess*, 374 So.2d 241, 242-43 (Miss. 1979).

The exclusivity provision of the Mississippi Worker's Compensation Act, Miss. Code Ann. § 71-3-9, provides, in pertinent part:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death . . .

Under this provision, an employee is not entitled to both workers' compensation benefits and common law damages. *Stevens v. FMC Corp.*, 515 So.2d 928, 932 (Miss. 1987). Further, the Mississippi Supreme Court has repeatedly held that allegations of "gross negligence" by an employer do not suffice to allow a plaintiff to avoid the effects of the exclusive remedy doctrine. According to Dunn, *Mississippi Workmen's Compensation* § 22:

> An act of "gross negligence" which produces an injury in the course of employment is not a willful tort within the exception which allows a suit of common law. Since such an injury is nevertheless compensable, the Act provides the exclusive remedy and the employer is not deprived of immunity from actions and torts simply by reason of gross neglect of the safety of the employee. Allegations of gross negligence simply cannot rise to the level of intentional tort so as to allow plaintiff to avoid the exclusive remedy provision of the Workers' Compensation Act.

Citing *Mullins v. Biglane Operating Co.*, 778 F.2d. 277, 279 (5th Cir. 1985).

Thus, the gross negligence allegations of Velaquez do not state a claim for an intentional tort that would allow a direct recovery in tort against LandCoast. Indeed, Velazquez, to be fair, does not argue as much.

On August 17, 2009, Velaquez filed a Petition to Controvert with the Mississippi Workers Compensation Commission in *Henry Pena a/k/a Ulises Jimenez Rodriguez v.*

*Landcoast Insulation, Inc. and Zurich American Insurance Company*; MWCC No. 0812110. In light of that filing, she argues that she should be allowed to proceed in tort because in the workers compensation claim, LandCoast and its carrier have asserted, as a defense, that Rodriquez was an illegal alien who obtained his employment with LandCoast by using a fraudulent identification. She makes this argument as an appeal to the notions of fair play and equity, without citing any authority.

The purpose of the Mississippi Workers' Compensation Act is to provide compensation to an injured employee without regard to fault. *See Franklin v Tedford*, 18 So.3d 215, 220 (Miss. 2009). If a person is injured in the course and scope of his employment, his medical expenses and a portion of his wages will be paid. In exchange for this certainty of medical and limited wage payment, the employee has given up the right to proceed at common law with a tort action. Conversely, in exchange for payment of the above sums, the employer gains immunity from the tort suit. *Id.*

However, the employer retains the right to contest the compensability of the comp claim. *See, e.g.. Edwards v. WorldWide Personnel Services, Inc.*, 843 So.2d 730 (Miss. App. 2002); and Miss. Code Ann. § 71-3-7 (voluntary intoxication). If the employer is successful in contesting the claim, the employee does not then attain the right to pursue tort remedies. Simply put, "a claimant is barred from filing an action at common law, other than an intentional tort, against his employer or co-employee for injury or death sustained while in the course and scope of his employment." *Sawyer v. Head*, 510 So.2d at 477. The Mississippi Workers Compensation Act contains the exclusive remedy for Velazquez regarding the death of Rodriguez as it pertains to LandCoast, regardless of any defenses raised to the comp claim by LandCoast.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#166]** filed on behalf of the defendant, LandCoast Insulation, Inc. is granted and the Plaintiff's complaint is dismissed with prejudice as to LandCoast Insulation, Inc. A separate judgment will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 22nd day of May, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE