UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALFONSO GALVAN, ET AL.**                                                                        **PLAINTIFFS**

**VS.**                                                     **CIVIL ACTION NO.: 1:10CV159-KS-MTP**

**MISSISSIPPI POWER COMPANY ET AL.**                                              **DEFENDANTS**

## ORDER

THIS MATTER came before the court on the Motion [214] to Compel Discovery filed by Plaintiffs Alfonso Galvan, Diana Galvan, David Guillen, Perfecto Aguirre, and Samuel Morfin.[1] Having considered the submissions of the parties and the applicable law, the court finds that the motion should be granted in part and denied in part.

In their Motion [214], Plaintiffs seek an order compelling Defendant Mississippi Power Company ("MPC") to: 1) produce all documents (including privileged documents) responsive to Request for Production No. 10; 2) compel Allen Reaves, the corporate representative of MPC, to reappear for deposition at MPC's expense to answer questions that were improperly objected to and not answered at direction of counsel, and 3) to pay the reasonable expenses incurred in filing the Motion [214].

Request for Production No. 10

The disputed request seeks the following documents: "The MPC Defendant's investigative file and documents therein, including reports, correspondence, notes, and memorandums prepared prior to the filing of the pending lawsuit." *See* Ex. A to Motion [214-1]. In response to the request, MPC stated: "Objection, attorney-client and work product privileges.

---

[1] Plaintiff Douglas Joel Galeano a/k/a Rafael Sanchez joined in the Motion [214]. *See* Joinder [218].

All investigation was conducted at the direction of counsel for the company in anticipation of litigation. Subject to the objection, but without waiving the same, see Mississippi Power Company's Disclosures previously produced." *Id.* In its second supplemental response to Request No. 10, dated October 30, 2012, after the instant Motion was filed, MPC states:

> This Interrogatory is vague and ambiguous and overly broad as to what constitutes an "investigative file". MPC has no repository known as the "investigative file". Nonetheless, subject to this objection and the original response and objections and in an effort to clarify its previous response, MPC states that the documents collected pursuant to what could be broadly referred to as an investigation were provided in its initial disclosures numbered MPCOO1-900. Privileged documents are indicated in the attached privilege log.
>
> In further response, and again subject to work product and attorney-client privileges, Mississippi Power Company identifies Jimmy Edwards as a person with knowledge concerning facts and observations pertinent to the root cause analysis conducted at the behest of MPC's attorneys.

*See* Ex. 3 to Response [231-3].

Plaintiffs argue that MPC's claim of privilege should be deemed waived and responsive documents be produced since MCP failed to timely supply a privilege log.

In its Response [231], MPC claims it has now supplemented its response to Plaintiffs' Request for Production No. 10 with a privilege log describing communications with its counsel regarding the root cause investigation. Thus, MPC claims this issue is moot. MPC also states that it "agree[s] to have this Court conduct an *in camera* review of the relevant document[s] as to which MPC has raised attorney-client and work-product privileges." Response [231] at 3.

While it is well within the court's discretion to find a waiver of MPC's asserted privileges for failing to timely produce a privilege log, the court declines to do so. *See* L.U.Civ.R. 26(a)(1)(C); *Maxey v. Gen. Motors Corp.*, No. CIV. A. 3:95CV60–D–A, 1996 WL 692222, at *4 (N.D. Miss. Nov. 18, 1996) ("The Magistrate Judge was well within her discretion

in deeming the privilege waived in this case, particularly in light of the inadequate response provided to the request and to provide a description of the document in a supplementation to its initial disclosures."). MPC has now produced a privilege log and while it is very late in doing so, Plaintiffs have also waited a considerable period of time in addressing the issue.

However, the court finds that MPC has failed to meet its burden in demonstrating that the root case analysis report is protected by the work-product doctrine. The party asserting the privilege bears the burden of proving that the information requested is privileged. *See In re Sante Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). Moreover, the work-product doctrine does not apply to documents prepared in the ordinary course of business. *See U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982). In order for a document to be protected by the work-product doctrine, "litigation need not necessarily be imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981); *see also Kaiser Aluminum and Chem. Co. v. U.S. Dep't of Labor*, 214 F.3d 586, 593 (5th Cir. 2000) (holding that the district court correctly followed Fifth Circuit precedent in applying the "primary purpose" test to determine whether the work-product privilege applied); *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 488 (N.D. Miss. 2006) (stating that the Fifth Circuit applies the "primary motivating purpose" test set forth in *Davis* to determine whether a document is protected by the work-product doctrine).

Based on the limited information provided by MPC, the court is unable to determine whether the root cause analysis, or any other document withheld solely on the basis of work-product, was prepared primarily in anticipation of litigation or whether such documents were

prepared in the ordinary course of business, and would have been prepared whether litigation was anticipated or not. Accordingly, any documents withheld on the basis of the work-product doctrine alone,[2] including the root cause analysis, should be produced.[3] *See Carroll v. Praxair, Inc.*, No. 2:05-cv-307, 2006 WL 1793656, at *4 (W.D. La. June 28, 2006) (concluding that "Praxair has failed to establish that the primary motivating factor behind the investigation and the RCA [root cause analysis] was to aid in possible future litigation"). In making this finding, the court in no way concludes that root cause analysis reports or conclusions are never protected by the work-product doctrine or the attorney-client privilege; in many cases they are protected from disclosure. *See*, *e.g.*, *Transocean Deepwater, Inc. v. Ingersoll-Rand Co.*, No. 08–4448, 2010 WL 5374744, at *2 (E.D. La. Dec. 21, 2010) (finding that plaintiff met its burden in showing that the work-product doctrine protected the root cause analysis report); *Bross v. Chevron U.S.A. Inc.*, No. 06–1523, 2009 WL 854446, at *4 (W.D. La. Mar. 25, 2009) (finding that the root cause analysis was protected by the attorney-client privilege). However, in this instance, based on the record before the court, MPC has failed to meet its burden of establishing that the root cause analysis should be protected from disclosure. *See Praxair*, 2006 WL

---

[2]Aside from the root cause analysis report, which should be produced, only one other document on the privilege log appears to fall into that category, the email correspondence between B&B counsel dated November 19, 2008. The remaining documents on the log were withheld under a claim of attorney-client privilege. *See* Ex. 3 to Response [231-3] at 4.

[3]In its Response [231], MPC states, in a conclusory matter, that the root cause document is protected by the work-product doctrine, and makes no mention of the attorney-client privilege. *See* Response [231] at 6. While the privilege log states that the document is protected by both the work-product doctrine and the attorney-client privilege, the court finds that MPC has failed to meet its burden in demonstrating the root cause document is protected by the attorney-client privilege. *See* Ex. 3 to Response [231-3]. Without more information, the fact that Balch and Bingham LLP was the recipient of the document does not render it protected by the attorney-client privilege or the work-product doctrine. There is no factual information submitted to support the work-product claims, such as an affidavit, deposition testimony, or other document.

1793656, at *4.

The court declines the parties' invitation to review all of the withheld documents *in camera*. Rather, the Plaintiffs may review the log in good faith and identify the documents they wish to challenge, if any, via appropriate motion. The court in no way suggests that a blanket assertion of privilege for the entire investigative file is proper or acceptable. Conversely, the court will not review all of the documents *in camera* simply because Plaintiffs believe MPC has "stonewalled" the discovery process. The court will require the parties to confer in good faith to address the privilege issues before asking for an *in camera* review. As pointed out by Plaintiffs, facts are not protected by the attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("[T]he protection of the privilege extends only to communications and not to facts.").

### 30(b)(6) Deposition

Plaintiffs ask the court to compel Allen Reaves, the corporate representative of MPC, to reappear for deposition at MPC's expense to answer questions that were improperly objected to and not answered at direction of counsel. In response, MPC submits that Allen Reaves was not part of the root cause analysis team, but that it will provide another witness, Jimmy Edwards, to testify as to the facts and observations he made as an integral part of that team. Moreover, MPC states that even though the topic of subsequent remedial measures was not included in Plaintiffs' Rule 30(b)(6) notice [205-1], MPC in good faith has offered to produce Jimmy Edwards on that subject as well.

The court sees no reason to compel Mr. Reaves to reappear for deposition. MPC has the right to designate its corporate representatives as it sees fit. *See* Fed. R. Civ. P. 30(b)(6); 8A

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2103 (2d ed.1994); *Ash v. Ford Motor Co.*, No. 2:06CV210-B-A, 2008 WL 1745545, at *3 (N.D. Miss. April 11, 2008) (citing *Poseidon Oil Pipeline Co., L.L.C., v. Transocean Sedco Forex, Inc.*, Nos. Civ.A.00-760, 00-2154, 01-2642, 2002 WL 1919797, at *3 (E.D. La. Aug. 2002)) ("Because Rule 30(b)(6) imposes on the organization the obligation to select the individual witness, the party seeking discovery is not permitted to insist that it choose a specific person to testify unless the person designated is an officer, director, or managing agent whom the corporation may be required to produce under Rule 30(b)(1)."). MPC shall produce Jimmy Edwards for deposition, as it has offered to do, to testify as to the facts and conclusions surrounding the root cause investigation and the subsequent remedial measures taken by MPC.[4] MPC is reminded that facts are not protected by the attorney-client privilege or the work-product doctrine. Likewise, the underlying facts are not privileged strictly because they were provided to the deponent by counsel. *See Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Servs., Inc.*, 120 F.R.D. 504, 509 (W.D. La. 1988) (quoting 8 Wright & Miller, Federal Practice & Procedure, § 2023, at 194 (1970)) (stating that "courts have consistently held that the work-product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or non-existence of documents, even though the documents themselves may not be subject to discovery").

Moreover, counsel "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under

---

[4]The court in no way concludes that such subsequent remedial measures are admissible, only that they are discoverable.

Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). "The court may impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); *see also* Fed. R. Civ. P. 37.

Fees and Expenses

It is clear that there were some discovery violations by MPC in this case. However, most of the violations are easily resolved with the measures offered and taken by MPC. Regarding the continued corporate deposition of MPC, the court agrees with MPC that the topic of subsequent remedial measures was not included in Plaintiffs' original notice [205-1]. Thus, the time and effort to depose a representative on this topic would be spent regardless. MPC has submitted that Jimmy Edwards will testify as to the subsequent remedial measures and the individuals involved and the facts surrounding the root cause analysis. While MPC should have initially designated someone more knowledgeable than Mr. Reaves about the investigation, the court finds, in its discretion, that an award of fees and costs is not warranted.

IT IS, THEREFORE, ORDERED:

1. That Plaintiffs' Motion [214] to Compel is granted in part and denied in part, with each party to bear its own costs.

2. MPC shall produce the root cause analysis document and any other documents withheld solely on the basis of the work-product doctrine by Monday, November 26, 2012.

3. MPC is ordered to immediately produce Jimmy Edwards for deposition.

4. Plaintiffs' expert designation deadline is extended through January 7, 2013;

Defendants' expert designation deadline is extended through February 14, 2013.

SO ORDERED this the 20th day of November, 2012.

s/ Michael T. Parker
United States Magistrate Judge
