# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

ALFONSO GALVAN, ET AL.                                              PLAINTIFFS

VS.                                      CIVIL ACTION NO.: 1:10CV159-KS-MTP

MISSISSIPPI POWER COMPANY, ET AL.                                   DEFENDANTS

## ORDER

THIS MATTER came before the court on the Motion [298] for Preservation of Evidence and Extension of Discovery filed by Plaintiffs and the Motion for Reconsideration [304] filed by Defendant Harsco Corporation. Having considered the submissions of the parties and the arguments of counsel during the telephonic motion hearing, the court finds that the Motion [298] for Preservation of Evidence and Extension of Discovery should be granted in part and denied in part and that the Motion for Reconsideration [304] should be denied.

In their Motion [298] for Preservation of Evidence, Plaintiffs argue that the seven steel I-beams being stored at ESI are vital and material to their claims; thus, the I-beams should be preserved for trial. Harsco opposes the motion, claiming that litigation in this matter has been pending for years and the Plaintiffs have never entered into the Joint Protocol Agreements for the preservation of the property, nor have they requested an inspection of any of the parts until the filing of this motion.

The court finds that Harsco shall retain the I-beams at issue until March 22, 2013. Prior to the deadline of March 22, 2013, Plaintiffs may look at said beams and identify in writing the beams that they would like to retain for trial. Plaintiffs shall bear the cost of storing said beams from March 22, 2013, forward.

Plaintiffs further request the court to extend the discovery deadline by sixty days. The

court finds that a sixty-day extension is unwarranted under the circumstances presented. However, the court will allow a brief extension to March 22, 2013.

In its Motion for Reconsideration [304], Harsco requests the court to reconsider or set aside its Order [303] granting Plaintiff Velazquez's Motion for Protective Order [294]. This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C.*

2

*Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3. Harsco has failed to demonstrate any of these grounds. Indeed, as pointed out in the court's Order [303], Harsco failed to respond to Plaintiff's Motion for Protective Order [294] or to timely seek any other relief from the court regarding the location of Plaintiff's deposition. Thus, the motion must be denied. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That the Plaintiffs' Motion [298] for Preservation of Evidence and Extension of Discovery is granted in part and denied in part. The court finds that Harsco shall retain the I-beams at issue until March 22, 2013. Prior to the deadline of March 22, 2013, Plaintiffs may look at said beams and identify in writing the beams that they would like to retain for trial. Plaintiffs shall bear the cost of storing said beams from March 22, 2013, forward. Except for the I-beams at issue, no other party has identified any stored equipment or parts that need to be retained in storage. Accordingly, except as to the I-beams at issue, the remaining items in storage need not be retained for this litigation.

2. That Harsco's Motion for Reconsideration [304] is denied. The deposition of Plaintiff Lorena Rico Velazquez shall take place in San Antonio, Texas. Harsco may notice the Plaintiff's deposition to be taken via video conference or via telephone if it so chooses, as provided by Fed. R. Civ. P. 30(b).

3. The discovery deadline is extended to March 22, 2013. The motions deadline is extended to April 5, 2013.

SO ORDERED this the 26th day of February, 2013.

                                                           s/ Michael T. Parker
                                                           United States Magistrate Judge